**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAI NGUYEN, | No. 11-17451 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-02635-MCE-EFB |
| v. | |
| SACRAMENTO COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Dai Nguyen appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional

violations that occurred while he was a pretrial detainee. We have jurisdiction

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Nguyen's claim against defendant Blanas because Nguyen failed to raise a genuine dispute of material fact as to Blanas's personal involvement in the alleged constitutional deprivation or a sufficient causal connection between Blanas's alleged wrongful conduct and the constitutional deprivation. *See Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011) (setting forth requirements for supervisory liability).

The district court properly granted summary judgment on Nguyen's claims against the remaining defendants because Nguyen failed to raise a genuine dispute of material fact as to whether the alleged constitutional violations were proximately caused by defendants' conduct under an official county policy, custom, practice, or procedure. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (setting forth requirements for a § 1983 claim of municipal liability).

Nguyen's contention that the district court misapplied the burden of proof is unpersuasive. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

To the extent that Nguyen contends he should have been allowed to amend his complaint to add additional defendants, Nguyen waived this issue by failing to raise it sufficiently in the district court. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("A party normally may not press an argument on appeal that it failed to raise in the district court.").

**AFFIRMED.**